# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO
# CIVIL ACTION NO. 4:16CV-P43-JHM

LESLIE HAUN                                                  PLAINTIFF

v.

JAMES ERWIN *et al*.                                   DEFENDANTS

## MEMORANDUM OPINION, ORDER, AND SCHEDULING ORDER

Plaintiff Leslie Haun, a convicted inmate currently incarcerated at the Eastern Kentucky Correctional Complex, filed the instant *pro se* complaint under 42 U.S.C. § 1983. Plaintiff paid the filing fee. This matter is before the Court upon initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons stated herein, the Court will allow the action to proceed for further development.

## I.

Plaintiff sues the following Defendants: James Erwin, identified by Plaintiff as Deputy Commissioner of the Kentucky Department of Corrections (KDOC); David Higgs, identified as the Deputy Warden at the Green River Correctional Complex (GRCC); Micheal Robinson, identified as the Unit Administrater at GRCC; Joseph Meko, identified as the Warden of the Little Sandy Correctional Complex (LSCC); and Alex Ford, identified as the "C&T" Supervisor at LSCC. The original complaint indicated that Plaintiff was suing Defendants in their official capacities only. However, nineteen days after filing the complaint, Plaintiff filed a document captioned as an "Amendment" (DN 9). The Court construes the filing as an amended complaint. *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course

within[] . . . 21 days after serving it."). In the amended complaint, Plaintiff states that he is suing Defendants in both their official and individual capacities.

In the complaint, Plaintiff alleges that KDOC and its employees "practiced standards of retaliation" against inmates for using the grievance process. He states, "This well known retaliation includes but is not limited to transfer to less desirable institutions . . . ." Plaintiff maintains, "Fear of retaliation and/or reprisals prevent thousands of the incarcerated inmates from seeking relief by using the adopted grievance system let alone trying to access the courts for redress the conditions of confinement."

Plaintiff states, "After exhausting all internal remedies and finally filing for a Declaratory Judgment in Franklin County Circuit Court in which the D.O.C. and Correct Care Solutions, (CCS) employees refused to follow their own policies, even falsifying/forgering documents," he was told by Robinson "'we're shipping your ass to an open dorm and your job is over.'" Plaintiff asserts that he was transferred from GRCC to an open dorm facility in retaliation for filing grievances. He states, "Open dorm facilities are very detrimental to my documented mental health issues." He maintains that he lost his prison employment at GRCC as a result of the transfer and that the transfer to an open dorm environment "caused a severe relapse of my mental health issues . . . ." Plaintiff states, "Such intentional acts of harm are done to prevent those of reasonable firmness of seeking to exercise their First Amendment right of seeking redress of grievances concerning the conditions of their confinement."

Further, Plaintiff asserts, "Upon arrival at [LSCC] I was immediately faced with extreme hostility and continual harassments. The obstructions, frustrations and impediments concerning an inmates abilities to redress grievances and/or access the courts is the worst I have ever

encountered." He maintains that "[m]ost of these obstructions are the design and intentional implementation of C&T Supervisor Alex Ford with the approval of Warden Joseph Meko." Plaintiff states that he has been denied the use of Lexis Nexis and a typewriter at LSCC. He also represents that "Alex Ford still forces me to allow him to read my legal work with intimidation and aggression. He has also refused to make legal copies during the scheduled times." Plaintiff states that the requests for legal copies were made "while litigating a civil action against the DOC . . . ."

Plaintiff also states that he was subjected to a "strip search/cell search" in retaliation for filing a grievance concerning an employee of the LSCC medical provider. He states, "The over zealous and abusive search was the talk of the inmate population for days. Fear of such treatment and the threat of worse is the desired effect. Currently almost every inmate around is in awe that I haven't been []shipped to E.K.C.C., this is the common practice by L.S.C.C. staff." Plaintiff also states that he was sent a memorandum by Meko in which Corrections Policies and Procedures were "mispresented and implemented to prevent me from filing legitimate grievances on many, many abuses and/or corrupt practices here at L.S.C.C."

Subsequent to filing the complaint, Plaintiff filed a letter addressed to the undersigned (DN 11) stating, "Just as my claim has stated in claim 4:16-cv-00043-JHM[] I have once again been retaliated against by transfer. This time to the DOC's most violent and restrictive institutions as I stated was 'protocol' for inmates seeking to redress grievances concerning the conditions of their confinement." On the same date, Plaintiff filed a notice of change of address indicating that he had been transferred to the Eastern Kentucky Correctional Complex.

The Court construes the letter (DN 11) as a motion for leave to file a second amended complaint. **IT IS ORDERED** that the motion (DN 11) is **GRANTED**. *See* Fed. R. Civ. P.

15(a)(2) ("In all other cases, a party may amend its pleading only with . . . the court's leave. The court should freely give leave when justice so requires."). **The Clerk of Court of DIRECTED to re-docket the letter (DN 11) as a second amended complaint**.

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief.

Construing the *pro se* action broadly, as the Court is required to do at this stage, *Boag v. MacDougall*, 454 U.S. 364 (1982) (per curiam), the Court construes the action as alleging claims of retaliation, interference with access to the courts, and interference with legal mail in violation of the First Amendment against Defendants in their individual and official capacities.

Upon review the complaint, amendments, and attachments, the Court will allow the action to proceed for further development. In doing so, the Court passes no judgment on the ultimate merit of the claims.

## II.

To govern the development of the claims, **IT IS ORDERED** as follows:

(1)   **The Clerk of Court shall forward by certified mail, return receipt requested, one copy of the complaint (DN 1), the amended complaint (DN 9), the second amended complaint (DN 11), and the instant Memorandum Opinion, Order, and Scheduling Order to the Justice & Public Safety Cabinet, Office of Legal Counsel, Frankfort, Kentucky.** General Counsel shall have **30 days** after receipt by certified mail of these documents to complete and return a notice of waiver of service for Defendants.

(2)   **Should counsel for the Justice & Public Safety Cabinet not represent any Defendant, the Court requests General Counsel to provide a forwarding or last known address for that Defendant so that it may ensure service.** If the address is not public record, counsel shall file it **under seal**.

4

(3)     **The Clerk of Court is DIRECTED to prepare and issue summons** at the address provided by the Justice & Public Safety Cabinet for any Defendant for whom a waiver is not returned, and **the United States Marshal shall serve a copy of the complaint (DN 1), the amended complaint (DN 9), the second amended complaint (DN 11), the instant Memorandum Opinion, Order, and Scheduling Order, and summons on that Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.**

(4)     Should Plaintiff receive notice that a summons is returned to the Court unexecuted, **Plaintiff is WARNED that he must take steps to remedy the defect in service** by providing additional information to the Court.  **Failure to do so within 90 days of entry of this Order may result in dismissal of the Defendant at issue.**  *See* Fed. R. Civ. P. 4(m).

(5)     The answer to the complaint shall be filed no later than **60 days** after waiver of service.  However, if service is required, the answer shall be filed no later than **21 days** after service of summons.  Insofar as is practicable, the answer is to restate in separate paragraphs the allegations of the complaint, followed by Defendants' answer.

(6)     The parties shall serve upon opposing parties, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service stating the date on which the copy was sent to opposing parties.  Any paper received by the Court which has not been filed with the Clerk, or which fails to include a certificate of service, **MAY BE DISREGARDED** by the Court.

(7)     The parties shall complete all pretrial discovery herein no later than **January 23, 2017.**  As a requirement of discovery, Defendants' counsel shall produce to Plaintiff all records or documentation which are relevant to the claim(s) set forth in this complaint that have survived initial review.  <u>**Counsel shall certify that the production is**</u>

**complete and shall file the certification with the Court**.  Within the same time, Plaintiff shall provide counsel for Defendants any records or documentation relevant to his remaining claims. **Plaintiff shall certify that production is complete and shall file the certification with the Court**.  A party who wishes to file discovery material with the Court must comply with Federal Rule of Civil Procedure 5(d).  *See* Fed. R. Civ. P. 5(d)(1) ("[T]he following discovery requests and responses *must not* be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents . . ., and requests for admission.") (emphasis added).

(8)     This Order does not override a party's responsibility to timely and completely respond to any discovery requests made pursuant to Federal Rules of Civil Procedure 33, 34, and 36, nor does it prevent a party from otherwise engaging in discovery that is consistent with the Federal Rules of Civil Procedure.[1]

(9)     No later than **February 22, 2017**, Plaintiff shall file a pretrial memorandum, setting forth in detail all facts upon which he bases his claim in this matter against each Defendant.

(10)    No later than **March 24, 2017**, Defendants shall file a pretrial memorandum.  In lieu thereof, or if Plaintiff fails to file the required pretrial memorandum, Defendants may file any dispositive motion, including a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

---

[1] The Court notes, however, that this action is exempt from the initial disclosure and conference requirements of Federal Rule of Civil Procedure 26.  *See* Fed. R. Civ. P. 26(a)(1)(B)(iv) ("The following proceedings are exempt from initial disclosure . . . (iv) an action brought without an attorney by a person in custody of the United States, a state, or a state subdivision."); Fed. R. Civ. P. 26(f) (parties must confer "[e]xcept in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B)").

(11)     Either party may file dispositive motions at any time after providing the discovery required above, or after providing sufficient reason why discovery is unnecessary for resolution of the pending motion.  All dispositive motions shall be filed no later than **March 24, 2017**.

(12)     If any party wishes additional time to complete any of the actions directed above, a motion requesting any such extension must be filed with the Court before any such deadline expires.  Any such motion to extend any time should indicate the reasons for extension.  The Court will not grant an extension unless good cause is shown.

(13)     Should Plaintiff change addresses during the pendency of this matter, he must provide written notice of a change of address to the Clerk of Court and to Defendants' counsel.  *See* LR 5.2(e).

(14)     Plaintiff is **WARNED** that his failure to notify the Clerk of Court of any address change or failure to comply with this or any subsequent order of the Court **MAY RESULT IN A DISMISSAL OF THIS CASE**.

(15)     The Clerk of Court is **DIRECTED** to mail Plaintiff a copy of the *Pro Se Prisoner Handbook*.

Date:    August 23, 2016

                                                 Joseph H. McKinley, Jr., Chief Judge
                                                 United States District Court

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.010